IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **GABRIEL ORTIZ #02010128** | § | |
| | § | |
| **V.** | § | **A-20-CV-1056-LY** |
| | § | |
| **SALLY HERNANDEZ, et al.** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was a pretrial detainee confined in the Travis County Correctional Complex. On January 17, 2020, a Travis County grand jury indicted Plaintiff for the unauthorized use of a vehicle, a motorcycle. On June 9, 2020, a Travis County grand jury indicted Plaintiff for the unauthorized use of a vehicle, another motorcycle, and for evading arrest and detention with that motorcycle. His criminal cases are currently pending.

Plaintiff alleges, while confined at the Travis County Correctional Complex, pretrial detainee Deontae Burns[1] pulled Plaintiff's groin and injured Plaintiff on September 21, 2020. Less than a

---

[1] A Travis County grand jury indicted Deonte Burns for aggravated robbery in Cause No. D-1-DC-19-300765. His criminal case is pending.

month later, Plaintiff filed his civil-rights complaint alleging Sgt. J. Guerra did not investigate his Prison Rape Elimination Act (PREA) incident in good faith and Sheriff Sally Hernandez "has not checked the proficiency of Sgt. J. Guerra's investigation on [his] assault." Plaintiff sues Sheriff Sally Hernandez, Sgt. J. Guerra, Detainee Deontae Burns, the Travis County Correctional Complex, the Travis County Sheriff's Office and the Travis County Detention Center. Plaintiff states he wishes to sue the defendants as "active living people," sue the company for which they work, and recover damages for mental and physical stress or injury.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. State Actor

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff

must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980).  Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement.  *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

Plaintiff sues Deontae Burns, who is not a state actor.  Plaintiff does not a allege there has been a conspiracy to violate his constitutional rights.  As such, Plaintiff has failed to state a claim upon which relief can be granted against Deontae Burns.

      C.      <u>Entities Not Capable of Being Sued</u>

The Travis County Correctional Complex, the Travis County Sheriff's Office, and the Travis County Detention Center are not legal entities capable of being sued.  *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  Therefore, Plaintiff's claims against the Travis County

Correctional Complex, the Travis County Sheriff's Office, and the Travis County Detention Center should be dismissed.

      D.    <u>Deliberate Indifference</u>

Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the Eighth Amendment. *See Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including protection from harm, during their confinement."). To state a claim in this context a plaintiff is required to establish that the defendant "acted or failed to act with deliberate indifference to [his] needs." *Id*. at 648.

The deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Mere negligent failure to protect an inmate from attack does not justify liability under § 1983. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). An official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff does not allege facts showing that Sheriff Hernandez or Sgt. Guerra knew that he faced a substantial risk of serious harm from the inmate who attacked him. Plaintiff does not allege that Sheriff Hernandez or Sgt. Guerra was present when the alleged assault occurred. Plaintiff does not otherwise allege or show that officials were subjectively aware of but disregarded a serious risk to his safety before Plaintiff was allegedly assaulted. Under these circumstances, Plaintiff does not

demonstrate that Sheriff Hernandez or Sgt. Guerra failed to protect him from harm with the requisite deliberate indifference.

Plaintiff's complaint appears to center on the investigation of his "PREA" complaint to jail officials. The PREA, 42 U.S.C. § 15601, *et seq.*, does not create a private right of action. Instead, it was "'drafted to address the problem of rape in prison, authorize grant money, and create a commission to study the issue; it does not give prisoners any specific rights.'" *Dudley v. United States*, No. 4:19-CV-317-O, 2020 WL 532338, at *7 (N.D. Tex. Feb. 3, 2020) (quoting *Johnson v. Rupert*, No. 6:11-CV-446, 2014 WL 6969202, at *5 (E.D. Tex. Dec. 9, 2014)); *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (stating "any claim raised under PREA is properly dismissed," and that "[i]nsofar as [the inmate] argues that his rights under the Prison Rape Elimination Act ... were violated, other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape" (citations omitted)).

Plaintiff's dissatisfaction regarding the investigation or resolution of his PREA complaint does not amount to a constitutional violation. *See, e.g., Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner has no liberty interest in having his grievances resolved to his satisfaction). Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure

to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 9th day of December, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE